# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | No.  1:22-CR-00122-RP |
| **(7) BRIAN DALE MOORE,** *Defendant* | § § § | |

# ORDER

Before the Court is the U.S. Pretrial Services Office's Petition for Action on Conditions of Pretrial Release, Dkt. 433. In accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148, the Court held a hearing on the petition on February 2, 2024.

Following his arrest and initial detention in March 2023, Moore was released pursuant to an Order Setting Conditions of Release that included, among other things, a requirement that Moore submit to drug testing and participate in substance abuse treatment as directed by Pretrial Services. Dkt. 213. From April 2023 through September 2023, Moore participated in outpatient treatment to address his issues with methamphetamine addiction. *See* Dkt. 433. In August 2023, Moore tested positive for methamphetamine use, so the Court, at Pretrial Service's recommendation, ordered Moore to participate in a 30-day inpatient substance-abuse program, which he completed in mid-October 2023. Dkts. 339, 433. Pretrial's petition indicates that following his release from that program, Moore tested negative for prohibited substances in November and December 2023. In January 2024, however,

1

Moore again tested positive for methamphetamine use. Dkt. 433. He admitted to the violation, attributing his relapse to stress in his personal life. *Id.*

At the hearing on Pretrial's petition, Moore's counsel suggested that perhaps another stint in outpatient treatment might cure him of his addiction. However, given the proximity of Moore's sentencing date (roughly 5 weeks from the date of his revocation hearing), that is not a viable option. And the undersigned is not convinced that Moore is capable of abiding by any other terms of release that the Court may set, given the apparent severity of his addiction.

Having considered the original pretrial services report, the docket, the petition, the evidence presented, and the arguments of counsel, the Court concludes that there is clear and convincing evidence that Moore knowingly violated the terms and conditions of his pretrial release.

The Court also finds that based on the factors set forth in Title 18, United States Code § 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will abide by any condition or combination of conditions of release.

The Court therefore **ORDERS** that Moore's previous release on conditions is **REVOKED** and Moore be **DETAINED** pending further proceedings in this case.

### DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED February 6, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE